PEOPLE OF PORTO RICO, Petitioner and Appellee, v. JOSÉ DE JESÚS, Respondent and Appellant.

No. 4070. Argued May 16, 1927.—Decided May 24, 1927.

*Arjona & Arjona* for the appellant. *Attorney General George C. Butte, J. A. López Acosta,* Second Assistant Attorney General, and *J. R. Beverley,* Deputy Attorney General, for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The appellee moved to dismiss the appeal for failure on the part of the appellant to file his brief in time.

The record shows that the judgment appealed from was rendered on October 23, 1926; that the judgment roll and the transcript of the evidence, composed of 56 and 104 pages, respectively, were filed in the office of the secretary of the Supreme Court on the 20th of April last; that on the 3rd of May, instant, the appellee filed a motion to dismiss on the ground that the brief of the appellant had not been filed within the statutory period of ten days expiring on the 30th of April last and the court had set the 16th of May, instant, for the hearing thereof; that on the 6th of May, instant, the appellant filed his brief consisting of 94 pages and complying in every respect with the rules of this court, and on the 12th of the same month filed a sworn motion in opposition to the motion to dismiss, alleging:

"1. That the respondent-appellant had not filed in time his brief in the present case on account of the unavoidable absence, during the latter part of April, of his attorney R. Arjona Siaca in the mountains of Yauco with a sick son.

"2. That the respondent-appellant forwarded, at the beginning of the current month of May, his brief consisting of 95 typewritten pages and dealing with very serious and important questions of law, the brief being the result of a long and sustained professional effort worthy of the study and consideration of this court.

"3. That the short delay in the filing thereof does not affect either the merits or the expeditiousness of the case, in which the respondent-appellant is most interested in securing, to such an extent that he prays the court:

"To overrule the motion to dismiss the appeal and to set a day for the hearing of the case in view of the fact that this is an extraordinary proceeding bearing on the important question of the monopoly of transportation in Porto Rico that should be heard as soon as possible."

The motion to dismiss was heard on the 16th of May.

The foregoing statement of facts shows that technically the appellee is right and that its motion might be sustained, but it also shows that a good reason has been alleged and shown for this court to refuse to dismiss the appeal in the exercise of its discretion.

Notwithstanding that the brief was filed six days after the expiration of the statutory period, it is a fact that very seldom has a brief been filed with such expeditiousness as in the present case. Usually extensions after extensions are required which delay the case, not for days but for months. This is not the case of an ordinary brief, but of one revealing a wide and careful consideration of the subject. The fact of the unavoidable absence of the attorney by reason of the illness of his son is a logical and natural excuse for his oversight or inability to ask for an extension.

By virtue of the foregoing the action to dismiss the appeal must be overruled and the case set to be heard as soon as possible.